

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# Askander v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2291

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Askander v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1676.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1676

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2291

AMIR GIRGIS NAGUEB ASKANDER

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A96 302 870)

Immigration Judge: Daniel A. Meisner

Submitted Under Third Circuit LAR 34.1(a)
November 29, 2007

Before: BARRY, FUENTES, Circuit Judges, and DIAMOND,* District Judge

(Opinion Filed: January 30, 2008)

OPINION

---

* The Honorable Paul S. Diamond, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

FUENTES, <u>Circuit Judge</u>

Petitioner Amir Girgis Nagueb Askander, an Egyptian citizen, entered the United States on August 21, 1994, as a non-immigrant visitor. In October 2003, Askander was served with a Notice to Appear, which charged him with being an alien who had remained in the United States without authorization in violation of 8 U.S.C. § 1227(a)(1)(B). Askander conceded removability, and subsequently applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). His petition was based on his identification as a Coptic Christian in Egypt, a predominantly Muslim country. Following a hearing on the Notice to Appear, the immigration judge (the "IJ") denied relief, and the Board of Immigration Appeals ("BIA") affirmed. Askander subsequently filed a motion with the BIA to reopen and reconsider the IJ's decision due to "changed circumstances" for Coptic Christians in Egypt. The BIA denied that motion, and Askander filed a timely petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252, and we will deny the petition for the reasons that follow.

## I.

As we write primarily for the parties, we recount only those facts that are helpful in our discussion of the case.

Askander's petition for asylum was originally denied because the IJ determined it was not timely filed (within the statutory one-year period) pursuant to 8 U.S.C. §1158(a)(2)(b), and that Aksander did not qualify for an exception to the statutory

deadline. Nonetheless, the IJ also addressed the merits of Askander's claims, and determined that Askander could not qualify for asylum. He also denied withholding of removal and CAT protection based on the following findings: (1) Askander had not demonstrated that the threats he had received from Muslim extremists while living in Egypt rose to the level of persecution; (2) the threats were perpetrated by non-governmental actors (private citizens); (3) Askander's family (who were also Coptic Christians) had not been targeted; (4) Askander lived in Egypt for almost two years after the last incident of harassment before leaving for the United States; and (5) Askander had not demonstrated that he was unable to relocate within Egypt. The IJ also concluded that, as a general matter, the situation had improved for Coptic Christians and that the Egyptian government was more sensitive to their complaints of harassment. On appeal, the BIA approved the IJ's decision, agreeing both that the petition was untimely and that Askander had failed to meet his burden to prove eligibility for asylum, withholding, and CAT protection.

Askander based his December 22, 2005 motion to reopen and reconsider the BIA's decision primarily on an argument that country conditions in Egypt have changed. To that motion, Askander attached documentation detailing difficulties Coptic Christians have encountered in Egypt, including a number of newspaper articles and an affidavit from Dr. Paul Marshall, a research fellow at the Washington-based non-governmental organization Freedom House.

On March 23, 2006, the BIA issued a decision denying Askander's motion to

reopen and reconsider, stating that the "evidence does not show that the circumstances are materially different for Coptic Christians in Egypt than they were when the respondent presented his application before the [IJ]." (A-2.)

## II.

This Court reviews the BIA's denial of a motion to reopen and reconsider for abuse of direction, affording "broad deference" to the original decision. Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001) (internal quotation marks omitted). We should reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The BIA may deny a motion to reopen and reconsider for one of three reasons: (1) the movant has failed to establish a prima facie case for the relief sought, (2) the movant has failed to introduce previously unavailable, material evidence that justifies reopening, or (3) if the ultimate grant of relief is discretionary, the BIA can simply determine that the movant is not entitled to the discretionary grant of relief. See id. at 169-170. Moreover, pursuant to the BIA's own regulations, a motion to reopen will not be granted "unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c).

On appeal, Askander challenges only the legal standard employed by the BIA, charging that it "failed to evaluate [the] motion using the appropriate standard." Pet. Br. at 8. Askander argues that the BIA's stated reason for denying Askander's motion – that the record does not indicate "that the circumstances are [currently] materially different for

4

Coptic Christians" in contrast to what conditions were like when Askander first applied for asylum – is improper because it does not fit within the "appropriate prima facia [sic] case standard." Id.

Askander's argument is without merit. As outlined in Sevoian and noted above, whether a movant has established a prima facie case is only one of three reasons why the BIA may properly deny a motion to reopen. 290 F.3d at 169-70. Here, citing to 8 C.F.R. § 1003.2(c), the BIA determined that Askander's motion to reopen should not be granted for one of the other three permissible reasons: because Askander failed to produce material evidence of changed circumstances for Coptic Christians in Egypt. Consequently, we cannot consider the BIA's decision an abuse of discretion. See Caushi v. Atty. Gen. of U.S., 436 F.3d 220, 231-32 (3d Cir. 2006).

For the foregoing reasons, we deny Askander's appeal and affirm the decision of the BIA.

5